IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10505
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADDIS CHARLES TAYLOR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-19-1-Y
--------------------
January 4, 2000

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Addis Charles Taylor appeals the district court's determination that he was competent to stand trial. A defendant is incompetent if he suffers from "a mental disease or defect rendering him ... unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." See United States v. Doke, 171 F.3d 240, 246 (5th Cir. 1999)(quoting 18 U.S.C. § 4241(d), cert. denied, 120 S. Ct. 250 (1999); Malinauskas v. United States, 505 F.2d 649, 654 (5th Cir. 1974). The Government bears the burden of proving

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

competence by a preponderance of the evidence.  See United States v. DiGilio, 538 F.2d 972, 987-88 (5th Cir. 1976).  A district court's determination of competency will not be reversed unless it is clearly arbitrary or unwarranted.  Doke, 171 F.3d at 246. Because we find no such error in this case, the judgment of the district court is AFFIRMED.

AFFIRMED.